GEORGE W. COLE *v.* STATE COMPENSATION COMMISSIONER

(No. 7904)

Submitted February 20, 1934. Decided February 27, 1934.

*Homer Blizzard,* for relator.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

634

HATCHER, JUDGE:

This claim was here once before. See *Cole* v. *Commissioner,* 169 S. E. 165, 166. At that time it had not been satisfactorily proven that claimant's disability was produced by an industrial injury. The case was remanded for the express purpose "that opportunity should be afforded * * * to both the claimant and the employer, as well as the commissioner, to further develop the proof as it affects that question." Pursuant to which the commissioner set July 11, 1933, for a hearing. Cole was present with his counsel on that day; but no evidence was taken, the case being submitted on the following agreement: "It is agreed and stipulated by counsel for both claimant and employer that the hearing in this claim be closed and that the same be submitted for the consideration and decision of the commissioner on the evidence now in the file, in accordance with and under the instructions of the Supreme Court." On July 21, 1933, and before the submission of July 11th had been acted upon, Cole filed with the commissioner a petition asking for a hearing. The petition alleged that the agreement of July 11th was made "inadvertently and without duly considering the true purport of the court's decision", and that petitioner could "procure" proof of his claim if given opportunity, etc. The hearing was refused and later the commissioner rejected Cole's claim on the ground that his disability was not the result of an industrial injury.

Cole now seeks a mandamus to compel the commissioner to reopen and investigate further the claim or give opportunity for the further introduction of evidence.

The general authority of an attorney empowers him to stipulate in regard to closing the evidence and submitting the case. Thornton on Attorneys, sec. 259; 60 C. J., subj. Stipulations, sec. 30; 25 R. C. L., subj. Stipulations, secs. 3 and 11. It is also settled that such a stipulation may be set aside upon the request of one of the parties on the ground of inadvertence or improvidence alone, provided "both parties can be restored to the same condition as when the agreement was made." 20 A. & E. Ency. Pl. and Pr. 664. Accord: 24 Standard Ency. of Procedure, 147; 60 C. J., *supra,* sec. 101; 25 R. C. L., *supra,* sec. 6. The reasons for this practice are

stated in *Palliser* v. *Telephone Co.*, 170 Ala. 341, 345, 54 So. 499, 500, as follows: ''Such agreements have no more binding force than the orders and judgments of the court. Every interlocutory order until it becomes merged in a final judgment, and every final judgment during the term at which it is rendered, is subject to be annulled and set aside when the court becomes satisfied that * * * they have been inadvertently or improvidently entered * * *. Such agreements may go far towards informing the court's discretion; but it has inherent power, in the control of its own action to relieve against them when made improvidently.''

Stipulations of counsel before the commissioner should ordinarily be enforced. But after this Court had held claimant's evidence to be unsatisfactory, it was clearly unadvised for his counsel to submit the claim for final decision without more evidence, if available. The application for relief from the stipulation was timely. Under the above rules of practice, the commissioner should have notified Cole's employer of the petition and if at that time the latter had not acted ''to his injury in reliance'' upon the stipulation, it should have been vacated and the claimant given a hearing. *Commercial Co.* v. *Lumber Co.*, 130 Ga. 191, 60 S. E. 554; *Carnegie Steel Co.* v. *Iron Co.*, 185 U. S. 403, 444, 22 S. Ct. 698, 46 L. Ed. 968.

A writ conforming to this opinion will be awarded.

*Writ awarded.*