## MONINGER *v.* GERMANIA BUILDING & LOAN ASSN.

1. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR—BUILD-ING AND LOAN ASSOCIATION'S REPAIRMAN.

In proceeding to recover workmen's compensation by person who performed repair work upon various properties of building and loan association then in liquidation, evidence was sufficient to sustain finding of fact that plaintiff was an employee rather than an independent contractor, where it appears he was paid on an hourly basis, made no previous estimate of cost of repair, obtained a social security number at employer's request, and defendant's report of accident designated him as an "employee," although he did work under an assumed name, was intermittently employed, regulated his own hours, used his own tools, and engaged assistance with real-estate manager's permission.

2. SAME—SUPREME COURT—FINDING BY DEPARTMENT—EVIDENCE.

The Supreme Court is bound by finding of fact that petitioner for workmen's compensation was an employee of defendant rather than an independent contractor where evidence is such that triers of the issue might arrive at different conclusions (2 Comp. Laws 1929, § 8451).

3. SAME—EARNING CAPACITY—STATUTES.

When the amount of an employee's earnings are disclosed by the record in proceedings to recover workmen's compensation, resort may not be had to statutory formula for the purpose of fixing the earnings in a different amount as such formula may be applied only "in cases where it is impossible to ascertain the exact daily wage" injured employee earned at time accidental injury was suffered (2 Comp. Laws 1929, § 8427).

4. SAME—AVERAGE WEEKLY WAGE—STIPULATIONS.

Determination that intermittently employed repairman for building and loan association had a weekly wage 48 times hourly rate of pay and thus entitling him to maximum compensation of $18 a week was in violation of basic statutory provision fixing maximum rate at two-thirds of average

weekly wage, where record contains stipulation that average
weekly wage for 28 weeks next preceding accident was $17.57;
hence plaintiff was entitled to award as for total disability of
but $11.72 per week (2 Comp. Laws 1929, §§ 8425, 8427).

5. SAME—COSTS—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.
   Where neither party fully prevails on appeal from department
   of labor and industry, no costs are awarded.

Appeal from Department of Labor and Industry.
Submitted April 13, 1943. (Docket No. 61, Calendar No. 42,238.) Decided May 18, 1943.

Fred E. Moninger presented his claim for compensation against Germania Building & Loan Association, employer, and American Employers Insurance Company, insurer. Award to plaintiff. Modified and affirmed.

*Owen Dudley* and *H. A. Kinch,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

NORTH, J. Plaintiff, claiming that he sustained an accidental injury which arose out of and in the course of his employment by defendant Germania Building & Loan Association was awarded compensation for total disability at the rate of $18 per week. The other defendant is the carrier of the insurance risk. The defendants have appealed from the award of the department of labor and industry.

Herein we refer to the employer as the defendant and appellant. Two questions are presented: (1) Was plaintiff an employee or an independent contractor? (2) Was the amount or rate of compensation awarded excessive?

At the time of the accident (August 30, 1941) the defendant building and loan association was in the

process of liquidation. It had buildings on which repair work was needed from time to time. Notwithstanding defendant had an employee to do its miscellaneous repair jobs, an arrangement was made that a Mr. Karl Greth, who supervised this work for defendant, would give such work to plaintiff when it was available, and plaintiff was to inquire by telephone or otherwise every day or every other day to ascertain if his services were desired by defendant. Plaintiff had worked for defendant three or four years in this manner, and while so engaged was injured.

Testimony was taken quite at length as bearing pro and con upon the issue of whether plaintiff was defendant's employee or an independent contractor. We shall not attempt to review every detail of this portion of the record. In support of its contention that plaintiff was an independent contractor, appellant stresses the following. Plaintiff did work under the assumed name of Jackson Paint & Repair Service; that in doing defendant's work plaintiff was employed only when defendant had a so-called "overflow" of work, and then only upon special direction to do particular work; and in doing his work plaintiff regulated his own hours, used his own tools, and on two occasions hired another man to assist him in the work, although defendant's real estate manager Greth testified plaintiff did this only with defendant's approval; and defendant claims that the only requirement of plaintiff was that he should produce the desired results.

But on the other hand the record discloses that following plaintiff's injury the defendant filed with the department of labor and industry a report of a compensable accident in which defendant designated itself as the "employer" and repeatedly designated plaintiff as its "employee." In that report defend-

ant stated plaintiff was "a maintenance man," that this was his "regular occupation;" that he had been so employed by defendant for three years; that he was paid on the basis of 60 cents an hour; that the foreman in charge of the work plaintiff was doing was defendant's real estate manager, Karl F. Greth; and that the insurance company carrying the risk was the American Employers' Insurance Company. In addition to the above there is testimony that defendant would not employ plaintiff unless the latter obtained a social security number, and that defendant regularly deducted from plaintiff's earnings the payments for social security. Plaintiff also stresses that in his work for defendant he was not required to make an estimate of the cost of any particular job or to do it for any fixed sum, but instead was paid on the hourly basis of 60 cents per hour, and he was regularly paid whatever amount was due him twice each month, approximately on the 1st and 15th.

Notwithstanding defendant's answer to plaintiff's application for adjustment of compensation alleged that plaintiff was an independent contractor rather than an employee of defendant, the deputy commissioner determined that plaintiff was an employee and this determination was affirmed upon review by the department. In our judgment the testimony taken is of such a character that triers of this issue of fact might arrive at different conclusions. On this record we cannot say as a matter of law that the decision reached by the department was wrong. We are bound by its finding of fact that plaintiff was an employee of defendant rather than an independent contractor.*

As bearing upon appellant's contention that the

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—RE-PORTER.

department erred in finding plaintiff's average weekly wages amounted to $28.80 and on that basis awarding compensation at $18 per week, the following is disclosed by the record and must be noted. Plaintiff was not continuously in defendant's employ. Instead he worked whenever defendant had need of his services. His employment was intermittent. Appellant stresses that for the month next preceding his accident plaintiff's average weekly earnings were $10.62, and that it was stipulated at the hearing plaintiff's average weekly earnings for 28 weeks next preceding the accident were $17.57; and defendant argues that such being the undisputed facts the award of $18 per week is excessive. The amount of $18 per week was fixed by the department in the following manner. Plaintiff's rate of pay was 60 cents per hour and at 8 hours per day for six days a week the weekly wage would be $28.80, which would justify the award of compensation for total disability at the rate of $18 per week.

In reaching the above conclusion the department sought to apply the provisions of the workmen's compensation act found in 2 Comp. Laws 1929, § 8427 (Stat. Ann. § 17.161). But by the words of the statute the provisions which the department followed are applicable only: "In cases where it is impossible to ascertain the exact daily wage" of the employee. In the instant case plaintiff's average weekly wage was stipulated, and his daily wage under the statute would be one-sixth of the weekly amount. When the amount of the employee's earnings are disclosed by the record, resort may not be had to the statutory formula for the purpose of fixing the earnings in a different amount. By resort to the statutory formula, instead of following the stipulated facts, the department awarded compen-

sation at the rate of $18 per week notwithstanding plaintiff's average weekly wages earned in defendant's employ were only $17.57. Such an award is in clear violation of the basic statutory provision fixing the maximum rate of compensation as follows:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to sixty-six and two-thirds per centum of his average weekly wages, but not more than eighteen dollars nor less than seven dollars a week." (2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159).

Construing the record most favorably to plaintiff, he is entitled only to compensation computed on weekly earnings of $17.57. This would fix his compensation at the rate of $11.72 per week. The case is remanded for reduction of the award in accordance with this opinion. Since neither party fully prevailed on this appeal, no costs are awarded.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.