FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* VANTAGGI.

1  WORKMEN'S COMPENSATION—NOTICE TO FOREMAN OF ACCIDENTAL INJURY.

   Notice to foreman of accidental injury sustained by an employee constituted notice thereof to his employer.

2. SAME—NOTICE OF ACCIDENT—INSURANCE—REFORMATION OF POLICY.

   In action under workmen's compensation insurance policy by insurer against employer for failure to give notice as required by policy, the court may not reform the policy, hence the insurer, according to the terms of the policy, was entitled to prompt notice when the employer, through his foreman, learned of the accident.

3. SAME—FINDING OF DEPARTMENT—RES JUDICATA—REIMBURSEMENT.

   Finding of department of labor and industry that employer had notice of injury on day that it occurred was *res judicata* of question of when employer received such notice in action by workmen's compensation insurer for reimbursement by employer whom insurer claimed had failed to give notice to it pursuant to policy provisions.

4. SAME—BREACH OF INSURANCE CONTRACT—LUMP-SUM SETTLE-
MENT.

> The payment of workmen's compensation in a lump sum, pur-
> suant to direction so to do by the department of labor and
> industry, would not bar insurer from recovering from the
> employer for breach of contract as to notice (2 Comp. Laws
> 1929, § 8438, as amended by Act No. 148, Pub. Acts 1935).

5. SAME—INSURANCE—NOTICE—WAIVER—DAMAGES—BREACH OF POL-
ICY.

> In action by insurer under a workmen's compensation policy
> against employer who had failed to give notice to insurer of
> injury to an employee as required by the policy, where there
> was no agreement in the policy whereby employer promises to
> reimburse the insurer, nor waiver by the latter, recovery must
> be had on the theory of damages suffered because of breach of
> the notice provision of the policy.

6. SAME—INSURANCE—HYDROCELE—FINDING OF DEPARTMENT—RES
JUDICATA.

> Finding of department of labor and industry that injured em-
> ployee's hydrocele developed shortly after the accident was
> *res judicata* in action by insurer against employer to recover
> damages suffered because of breach of notice provision of
> the policy, hence where possible confusion in the minds of the
> jury in the instant case as to time when hydrocele developed
> was injected by plaintiff, and error worked to detriment of
> defendant, plaintiff may not complain of error thereon under
> the circumstances.

7. APPEAL AND ERROR—REJECTION OF TESTIMONY—ABANDONMENT
OF INQUIRY.

> Alleged error in claimed rejection of testimony tending to show
> that injury of which workmen's compensation insurer had not
> been given notice was only minor at first but was aggravated
> by working and lack of immediate proper care, which appears
> to have been abandoned by insurer in its action against the
> employer for breach of the notice provisions in policy, *held*,
> not reversible.

8. TRIAL—INSTRUCTIONS.

> Charge of court in action by workmen's compensation insurer
> against employer for breach of notice provision of policy
> *held*, fair and to have squarely presented issue to jury.

Appeal from Iron; Bell (Frank A.), J. Submit-
ted June 7, 1944. (Docket No. 21, Calendar No.
42,583.) Decided October 11, 1944.

Assumpsit by the Fidelity & Casualty Company of New York, a corporation, against Henry Vantaggi for damages resulting from failure to give notice of an accident as required by the terms of a workmen's compensation insurance policy. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Fred F. Murphy,* for plaintiff.

*M. S. McDonough,* for defendant.

BUTZEL, J. For a statement of the facts leading up to the instant case, see *Fidelity & Casualty Company of New York* v. *Vantaggi,* 300 Mich. 528. Ray Laska, an employee of defendant, suffered a compensable injury which he reported to defendant's foreman. Defendant claimed that he was never informed of the injury until Laska filed his application for compensation with the department of labor and industry. Had the employer been informed by the foreman, it would have been a very simple matter for him to notify plaintiff and thereupon the employer's liability would have been assumed by plaintiff, the insurer. While it seems improbable that the employer would not have notified the plaintiff insurer of the accident, had the employer himself learned of it, nevertheless we hold that notice to the foreman was notice to the employer. The policy did not provide for the contingency of the insurer being still liable if the employer personally did not learn of the accident and, therefore, did not give the required notice. We cannot reform the policy and, according to its strict terms, the insurance company was entitled to notice when the employer through his foreman, his *alter ego,* learned of the accident. Plaintiff, as insurer, was entitled to prompt notice of the accident. After giving notice to defendant

that plaintiff would hold him responsible for any loss it suffered because of the failure to give prompt notice, plaintiff defended the Laska claim. The department held that Laska had given sufficient notice and he was awarded compensation. Thereupon, plaintiff insurer, in addition to making back payments, entered into an agreement to redeem liability by lump-sum settlement. The agreement was approved by the department and was satisfied by the payment of $1,600 to Laska. Plaintiff thereupon instituted suit against Vantaggi, the employer. On appeal, we held in 300 Mich. 528, that the finding of the department as to notice was *res judicata* of that question. The payment of the lump sum by the insurer would not bar it from recovering from the employer because of breach of contract as to notice. 2 Comp. Laws 1929, § 8438, as amended by Act No. 148, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8438, Stat. Ann. § 17.172). We held, however, that the carrier of workmen's compensation insurance, being a paid insurer, could only recover such damages as it actually suffered because of the failure to give prompt notice as required in the policy. A judgment, therefore, directed against plaintiff was vacated and the cause remanded for a new trial in accordance with the opinion. The case was retried and resulted in a verdict in defendant's favor. The case is here again on appeal.

In the opinion of the department on hearing on review, it is stated:

"Prior to the accident, plaintiff had no difficulty whatsoever with his back and was able to do any and all types of manual labor. Following the accident he has not only been constantly troubled with his back but has also been bothered with a hydrocele and an enlarged left testicle, both of which conditions developed shortly after the accident. To find that

there is no causal connection between the accident
and these conditions which are disabling would be
to ignore entirely the practical aspect of the situa-
tion and to ignore the medical testimony which in
the main fairly discloses that the accident could
have been the cause of plaintiff's disability.''

Many questions are raised by plaintiff as appel-
lant. The doctors who testified for plaintiff did not
see Laska until several years after the accident.
Much confusion arose as to just when the hydrocele
developed. One doctor stated that not having seen
plaintiff at the time of the accident, he could not tell
when it developed, that it might have been congeni-
tal. However, the confusion was not brought about
by defendant. Plaintiff's attorney, when question-
ing the doctor on direct examination, brought out
the following testimony:

''Q. How long after in your opinion might a hy-
drocele develop?
''A. Well, as to the length of time that may be
hard to say or to set a time definitely, but hydroceles
may form in a matter of hours to probably days and
weeks, as well as months and years. That would all
depend upon the size of the hydrocele.''

It can readily be seen that the doctors, in testify-
ing, were giving their independent judgment on the
question as to when the hydrocele developed. At
the time they examined Laska, it had grown to the
size of an orange.

Further confusion was thrown into the case by the
showing that Laska was able to do part-time work
for a period of over two years after the accident.
Many of plaintiff's questions may be grouped under
the single question as to whether the lower court
erred in accepting the testimony of the doctors in-
stead of the opinion of the department that the

hydrocele developed shortly after the accident. We believe that plaintiff was largely responsible for injecting the question into the case by the testimony hereinbefore quoted and, therefore, cannot complain of any error. The testimony in regard to back injuries was excluded correctly. The finding of the department was *res judicata* as between the insurer and the employer. *Fidelity & Casualty Company of New York* v. *Vantaggi, supra; Lumbermen's Mutual Casualty Co.* v. *Bissell,* 220 Mich. 352 (28 A. L. R. 874).

We do not believe that the errors complained of call for a new trial. Not only was plaintiff partly at fault, but the alleged errors operated against defendant, not against plaintiff. Had the hydrocele been congenital, and plaintiff was not notified immediately, plaintiff would have been the sufferer thereby. Had plaintiff had timely notice, it could have ascertained that the hydrocele was not caused by the accident. Having ascertained it, plaintiff could have readily defended Laska's claim before the department. The failure to give notice deprived the insurance company of the opportunity of ascertaining whether or not the cause of the hydrocele was congenital or brought about by causes other than the accident. For this reason it could not carry on a successful defense before the department and was, therefore, damaged to that extent. The error, if there was one, strengthened plaintiff's case. Moreover, the testimony was not entirely certain. It was shown without any question that ·had plaintiff learned of the hydrocele a simple operation could have cured Laska in a very few weeks. However, it is noted that the doctors testified in the main in a guarded manner as to what could have been done. When the insurance company, instead of offering

this so-called operation to Laska, after learning all of the facts, and thus curing him within a very short time at a minimum of expense, as they claimed they could have done, nevertheless proceeded to agree to a lump-sum settlement, uncertainty was created in the mind of the jury. The inference was proper and very convincing to a jury that the plaintiff would not have consented to a $1,600 lump-sum settlement had it in any way been convinced of the efficacy of an operation at a minimum of expense. The insurance company's action would tend to show that Laska's case was not one in which it was believed that the operation was advisable. It gave the jury a sound basis for coming to the conclusion that plaintiff was not entitled to recover.

Appellant further claims that the court erred in rejecting testimony to show that Laska worked four days after the injuries. Objection was made by the attorney for the defendant on the grounds that the record also showed that at a still later date Laska worked for a protracted period, and that this fact should also have been included in the question. The purpose of this line of questioning was to show that the injury, originally minor, was aggravated by working and by lack of immediate proper care. The court held that counsel for plaintiff should include all pertinent facts so as to enable the physician to come to his conclusion since he did not see Laska until over two years after the accident. The court did not exclude the question but required that a firm foundation be laid. Evidently the question was abandoned by plaintiff for his attorney did not pursue the subject any further. This was not reversible error.

The charge of the court was fair and the issue was squarely presented to the jury. No fault is found

with this charge. In the light of the above determination, the judgment of the lower court is affirmed, with costs to defendant.

STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred with BUTZEL, J.

NORTH, C. J. I concur. None of the rulings of which appellant complained were prejudicial.