BASNER *v.* DEFOE SHIPBUILDING COMPANY.

1. WORKMEN'S COMPENSATION—REPORTS—CLAIM FOR COMPENSATION—STATUTE OF LIMITATIONS.

The statute of limitations applicable to time within which an injured employee may file a claim for compensation begins to run as of the time when the employer's report of injury is filed (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—DE NOVO REVIEW OF DEPUTY COMMISSIONER'S AWARD.

The review of the award of a deputy commissioner of the department of labor and industry by the compensation commission is a *de novo* hearing.

3. SAME—DATE OF ACCIDENTAL INJURY—PALPABLE ERROR IN ADMISSION OR STIPULATION.

The department of labor and industry on review of deputy commissioner's award was not bound by an admission or stipulation as to date of accidental injury erroneously made by defendant's counsel when the palpable error was shown by written documents in the files of the department, including letters from the employer and insurer not introduced in evidence, and attention was promptly called to the error.

4. STIPULATIONS—MISTAKE—EVIDENCE.

As a rule, parties are bound by their stipulations, but courts will not permit a mistake to remain uncorrected when the opposite party has not been misled, a delay has not been suffered thereby and documentary evidence of the mistake appears in the files and record before the court.

5. WORKMEN'S COMPENSATION—STATUTE OF LIMITATIONS—REPORTS—CLAIM FOR COMPENSATION.

Employee who suffered accidental injury to back on July 23, 1943, and continued to work about two months thereafter for same employer, and whose claimed disability became apparent within six months after the accident was barred from right to compensation, where, although the employer had filed a proper report as for a noncompensable accident in August, 1943,

employee did not file claim for compensation until March 1, 1946 (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted June 10, 1947. (Docket No. 53, Calendar No. 43,692.) Decided October 13, 1947.

Israel Basner presented his claim for compensation against Defoe Shipbuilding Company, employer, and Zurich General Accident & Liability Company, insurer, for injuries sustained while in its employ. Award to defendants. Plaintiff appeals. Affirmed.

*Hellerman & Bielawski* (*Warner & Hart*, of counsel), for plaintiff.

*Walter A. Mansfield*, for defendants.

Butzel, J. Israel Basner, 66 years of age, worked for the defendant Defoe Shipbuilding Company as hookup man on a crane. On the 23d day of July, 1943, while in the course of his employment on the night shift, he fell over a piece of angle iron. He claims that as a result he injured his side and back. He further claims that he notified the foreman of the injury, was told to finish the night shift, if he could, and to "take it easy." Upon completion of his work, he went to the employer's first aid station, where he was taped and referred to his employer's physician. The latter removed the tape and retaped him. Plaintiff returned to work in a day or two and claims that the foreman again told him to "take it easy." He, however, continued to do his former work for approximately two months, when upon the employer's refusal to give him lighter work, he left the job. He claims that since then, he has been

unable to do more than a few days' work. He sought compensation for permanent disability. He did not file his application until almost 30 months after the accident.

At the hearing before the deputy commissioner at Bay City, Michigan, defendant's attorney stated that defendant Zurich General Accident & Liability Company was the insurer. When asked whether a report of the accident had been made to the department of labor and industry, he replied, "No report made." The deputy awarded compensation for total disability. The department reversed the deputy.

Many errors of no serious consequence were made by the respective parties during the proceedings. Plaintiff in his original application stated that the accident occurred on or about October 23, 1943. He was permitted to amend to show that it occurred on July 23d. Defendant in its noncompensable report, hereafter referred to, stated that the accident occurred on July 26, 1943, instead of July 23, 1943. Plaintiff's doctor testified that plaintiff had some sacroiliac strain and had complained of suffering pain which was attributable to the strain resulting from the fall and not to the arthritis that was present. While the testimony is not convincing that plaintiff's disability was the result of the accident, and this question was not passed on by the department on its review, we shall assume that plaintiff did suffer an accident and resultant disability for the purpose of discussing the point on which the department reversed the finding of the deputy and found that plaintiff was not entitled to compensation, because he had not applied for compensation within the six months from the time the injury was sustained, as provided by the act. Workmen's compensation act, Act No. 10, part 2, § 15, Pub. Acts 1912 (1st Ex. Sess.) (2 Comp. Laws 1929, § 8431),

as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1946 Cum. Supp. § 17.165).

When defendants applied for review of claim before the compensation commission of the department of labor and industry, they also filed a petition, supported by affidavit, for leave to file an amended answer showing that defendant Zurich General Accident & Liability Insurance Company, Ltd., did not become insurer until July 30, 1943, a week after the injury was incurred; that the mistake occurred through the fact that the claim in its original form stated that the date of the injury was October 23, 1943.

Defendants further asked that because of the fact that the noncompensable report, filed with the department and overlooked by defendants, showed that Dr. J. A. Keho had attended plaintiff, that the testimony of Dr. Keho be taken by the department on review. They further stated that at the time of the taking of the testimony before the deputy commissioner at Bay City, Michigan, they had completely overlooked the fact that a report of a noncompensable accident had been filed in conformance with the law as it stood on July 23, 1943, when it was only necessary to file a noncompensable report; that a noncompensable report was filed at Lansing, Michigan, as shown by the records of the department. Plaintiff's attorney claims that when the deputy commissioner referred to an accident of October 23, 1943, he was correct in replying that no report of such accident was filed. An amended application showing the correct date had been filed with the department prior to the hearing but the deputy commissioner referred to October 23, 1943.

The noncompensable report as shown by the department's records is dated August 3, 1943, and signed by the safety director of the employer. It

gives the date of the accident as July 26, 1943, and shows plaintiff returned to work two days later. The compensation commission refused to allow defendants to file an amended answer, but they did take notice of their own records on the review of the claim. They held that plaintiff's failure to file a claim for compensation within six months from the time of the occurrence of the injury was fatal to his claim. The statute begins to run from the time of filing a belated report by the employers. *Tinney v. City of Grand Rapids,* 274 Mich. 364. Plaintiff on appeal stresses the fact that the employer's report of the noncompensable accident is stamped by the department as having been received August 19, 194——. The report is part of the record filed by the department with the clerk of this Court. An examination of it shows that the date of the filing was impressed with a rubber stamp on the back of the report either very lightly or with very little ink. The blank space in the date 194—— just shows a very slight discoloration. The report is complete. The department has charge of its own records and must have taken judicial notice of the report, notwithstanding defendant's error at the hearing before the deputy commissioner. The department's attention was subsequently called to the filing of the report and it made a finding of fact that the report was filed on August 19, 1943. Plaintiff was not taken by surprise for in his answer to the amended application for hearing, he denies that the report was made. The department held that the noncompensable report was made, that the slight discrepancy in the date of the employer's report was of no significance, as it referred to the same accident and that the employer's report of industrial injury on the department's noncompensable form filed on August 19, 1943, was a proper report. The review from the

award of a deputy commissioner is a *de novo* hearing. *Margenovitch* v. *Newport Mining Co.*, 213 Mich. 272. The department on review was not bound by an admission or stipulation erroneously made by defendant's counsel when the error was so palpable as shown by the written document in the files of the department and attention was promptly called to the error. As a rule, parties are bound by their stipulations, but the courts will not permit a mistake to remain uncorrected when the opposite party has not been misled, a delay has not been suffered thereby, and documentary evidence of the mistake appears in the files and record before the court. Were this a stipulation in regard to the opinion of a medical examination (*Napolion* v. *National Concrete Metal Forms Corp.*, 279 Mich. 668), or as to the amount of a weekly wage (*Moninger* v. *Germania Building & Loan Assn.*, 305 Mich. 303), or in regard to notice and knowledge of an alleged accident (*Cundiff* v. *Chrysler Corp.*, 293 Mich. 404), the parties would be bound thereby. The present situation, however, is far different. The department's files and record show the filing of the noncompensable report; the department could not overlook it, particularly so when its attention was called to the mistake. The converse could happen more frequently, and it would be manifestly unfair to deprive an employee of compensation when there has been a palpable mistake. Letters from an employer and its insurer properly in the files of the department, though not offered in evidence at the hearing, were properly considered by the department in making an award. *Mietkiewski* v. *Wayne County Road Commissioners*, 227 Mich. 227; and see *Majewski* v. *Martin Brothers Barrel & Box Co.*, 230 Mich. 548. Also, see annotated comments on relief from stipulations in 161 A. L. R. 1161 *et seq.*;

*Cole* v. *State Compensation Commissioner,* 114 W.
Va. 633 (173 S. E. 263); *Ocean Accident & Guar-
antee Corp.* v. *Industrial Accident Commission,* 88
Cal. App. 369 (263 Pac. 823); *General Mills, Inc.,* v.
*Industrial Commission,* 99 Utah, 293 (105 Pac. [2d]
340). The department stated in its opinion:

"We are convinced from our review of the record
that plaintiff made no demand for compensation
when he left the employment of the Defoe Ship-
building Company. Had he then been interested in
seeking compensation benefits, it is reasonable to
expect that he would have made some effort to se-
cure such benefits within a fairly short time after
he quit work. He filed an application for hearing
and adjustment of claim on March 1, 1946, a copy
of which was mailed to the employer on March 4,
1946. He then alleged that the accident occurred on
October 23, 1943. On March 28, 1946, an amended
application for hearing and adjustment of claim
was filed alleging the accident occurred on July 23,
1943. No proceedings for compensation were started
prior to March 1, 1946. We are satisfied that plain-
tiff made no demand for compensation prior to the
filing of the original application. Plaintiff claims
he was totally disabled in the latter part of Septem-
ber, 1943, as the result of the injury he sustained
in the accident of July 23, 1943. The claimed dis-
ability became apparent within six months after the
accident. Under the provisions of section 15 of part
2 of the act in effect at the time of the accident, it
was incumbent upon the plaintiff to make claim for
compensation within six months after the filing of
the noncompensable report.

"We find that the employer's report of industrial
injury on the department's noncompensable form A
filed on August 19, 1943, was a proper report. The
statute of limitations in section 15 of part 2 of the
act started to run against plaintiff's claim for com-
pensation on August 19, 1943. We further find that

plaintiff did not make a claim for compensation within six months from August 19, 1943. Plaintiff's rights to compensation benefits are barred for the reason that he failed to make claim for compensation within the statutory period."

The award denying compensation is affirmed, with costs to defendants.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.