MORLEY *v.* STANDISH CREAMERY COMPANY.

Workmen's Compensation—Hernia—Evidence.
> Award of workmen's compensation for bilateral hernia is reversed, under record presented.

Butzel, C. J., and Bushnell and Kelly, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted January 6, 1954. (Docket No. 17, Calendar No. 45,842.) Decided June 7, 1954.

William A. Morley filed his claim for compensation against Standish Creamery Company, employer, and State Accident Fund, insurer, based on two unrelated disablements, a dermatitis and a double hernia. Award for plaintiff based on hernia. Defendants appeal. Reversed and award vacated.

*Baker & Baker* (*Oscar W. Baker,* of counsel), for plaintiff.

*Harry F. Briggs* (*Peter Munroe,* of counsel), for defendants.

Sharpe, J. This is an appeal in the nature of certiorari from an award made by the workmen's compensation commission. Plaintiff, William A. Morley, prior to October 25, 1950, was employed by the Standish Creamery Company to do general work. Plaintiff ceased his connection with the Standish

Creamery Company on October 25, 1950, and on the same day consulted Dr. Malcolm K. Dolbee of Standish, who, on examination, found a bilateral hernia. Plaintiff reported the injury to his employer and the employer in return filed a report of the injury as required by law and the rules and regulations of the commission.

Approximately 2 weeks before the last day plaintiff worked he noticed a rash on his left arm. The rash became worse, but under medical attention it cleared up in May of 1951. Plaintiff has not been employed since the hernia was discovered, except that he was employed at light work and possibly doing some work on his farm. While employed for the Standish Creamery Company plaintiff wheeled loads of coal weighing between 200 and 300 pounds and handled tubs of butter weighing about 64 pounds each. On February 13, 1951, plaintiff filed an application for hearing and adjustment of claim, which contained the following:

"2. That the injury or disablement occurred at Standish, Arenac county, Michigan, and in the following manner: I did general work at Standish Creamery and part of the time helped put butter through the butter machine, I got a red rash on my arm which itched so I could hardly stand it and it spread all over me. Last day worked, Oct. 25, 1950. Daily wage at time of injury or disablement, 75¢ per hour, averaged about 10 hours. Weekly earnings, from 35 to 40 dollars.

"3. Nature of disability—Itch covered my legs, arms and body and started to go in my hair; legs swelled and feet swelled so I could not wear shoes. Date of recovery—Still doctoring."

On July 25, 1951, plaintiff filed an amended application for hearing and adjustment of claim, which contained the following:

"3. Nature of disability—Double hernia; rash all over the body; swelling of legs and feet. Date of recovery—Rash disappeared in May, 1951; still has hernia. Date of return to work—Did light work in May, 1951. If hernia, date•discovered—Oct. 25, 1951. Date of operation—None."

To each of the above applications, defendant Standish Creamery Company filed an answer and denial of liability as follows:

"4. That notice of the happening of an occupational injury or disease was not given by plaintiff to the employer herein within the time prescribed by PA 1912 (1st Ex Sess), No 10, and amendments thereto.*
"5. That claim for compensation was not made by the plaintiff upon the employer herein within the time prescribed by PA 1912 (1st Ex Sess), No 10, and amendments thereto."

A hearing was held and the deputy commissioner awarded plaintiff compensation. Upon appeal, the commission affirmed the award with some modification. Upon leave being granted, defendants appeal and urge that there was no competent testimony to support the finding of fact made by the workmen's compensation commission that a claim for compensation for the bilateral hernia was made within 6 months as required by part 2, § 15, of the workmen's compensation act (CL 1948, § 412.15 [Stat Ann 1950 Rev § 17.165]).

We note that the commission found as a fact that there was no competent medical proof to establish a causal relation between the dermatitis and plaintiff's employment. There is no appeal from this finding of fact, and hence no need for further discussion of this issue that was presented to the commission.

---

* See CL 1948, § 411.1 *et seq.* (Stat Ann 1950 Rev § 17.141 *et seq.*). —Reporter.

On the issue of notice of claim for compensation within the 6 months period, the commission made the following finding of fact:

"Plaintiff talked to Mr. Walker about the presence of the hernia. Mr. Walker informed defendant insurer that plaintiff had the hernia. A representative of defendant insurer then took a statement from plaintiff concerning the hernia following which plaintiff was advised by letter from the insurer that he was not entitled to compensation benefits. *That all occurred within 2 months from the date of disablement.* The only possible inference from those facts is that plaintiff made a demand for compensation within that period." (Emphasis supplied.)

The statement referred to in the opinion of the commission reads as follows:

"Sterling, Michigan, December 5, 1950. Statement of William A. Morley:

"*Q.* How long have you worked at the Standish Creamery?

"*A.* Five and a half years.

"*Q.* What type of work did you do?

"*A.* General work around the creamery in the way of firing the boiler by hand; loading and unloading milk cans.

"*Q.* How old are you?

"*A.* Sixty-five.

"*Q.* How many dependents do you have?

"*A.* Just Mrs. Morley.

"*Q.* What was the last day you worked at the creamery?

"*A.* October 25, 1950.

"*Q.* Do you have a double hernia?

"*A.* That is what Dr. Dolbee told me on October 25th.

"*Q.* How did you get the hernias?

"*A.* I don't know positively how I got ruptured. It might have been from lifting or I might have slipped. I don't really know. All I know is that I did not have it when I went to work for Mr. Walker.

"*Q.* When was the first time you actually knew there was something wrong?

"*A.* I knew something was wrong in the left side about 3 weeks prior to October 25th.

"*Q.* When did you first tell Mr. Walker about your side?

"*A.* October 25, 1950, after I saw Dr. Dolbee.

"*Q.* Do you own your own farm?

"*A.* Yes, but my boys do the farm work. I do no farm work, just work at the creamery.

"*Q.* What was your average weekly wage?

"*A.* I received 75 cents per hour working 50 hours per week.

"*Q.* Do you intend to have surgery performed?

"*A.* I can't at present; I am covered with poison ivy but where I got it I don't know.

"*Q.* Is this statement true? Did it fully cover the facts and did you receive a copy of it?

"*A.* Yes.

    "(Signed) William A. Morley,
           R.F.D. 2,
           Sterling, Michigan."

Since this case was argued in the Supreme Court a motion was made by plaintiff's counsel to file a supplemental record which would contain certain letters now in the files of the workmen's compensation commission. We granted the motion, and the letters referred to in the motion read as follows:

                        "December 14, 1950

"Mr. William A. Morley
R.F.D.
Sterling, Michigan
    "Re: William A. Morley: Standish Creamery Co.
                 Claim No. 290770

"*Dear Mr. Morley:*

"Our investigator, Mr. Young, has returned to us the file in connection with your case, together with the statement which he took from you under date of December 5 and I regret to inform you that I do not feel that the Michigan workmen's compensation

law provides you any benefits for the hernia which you claim to have sustained while in the employ of the Standish Creamery Company.

"The workmen's compensation law provides that in order that a hernia be compensable, it must be the result of a strain arising out of and in the course of a man's employment, and must be promptly reported to the employer. By your own signed statement we do not think that your case falls within the statutory definition of a compensable hernia.

"Yours very truly,
"State Accident Fund,
HARRY F. BRIGGS,
Superintendent of Claims.

"HFB: wh
"cc: Standish Creamery Company
     Dr. M. K. Dolbee
     Workmen's Compensation Comm."

"Sterling, Mich.
Jan. 23–51.

"Workmen's Compensation Comm.
Lansing 13, Mich.
"*Dear Sirs*—

"Will you please look into this for me. I will start at the beginning so you will understand better. I worked at the Standish Creamery for about 4 and 1/2 years. During that time I developed hernia and also became troubled with what I thought was an itch of some kind, it became worse as time went on and finally I went to Dr. Dolbee of Standish who told me I had Poison Ivy. Dr. Dolbee was also the Dr. who told me I had double hernia. I wrote to the 'Michigan State Accident Fund' which is the insurance every one working in the Creamery is covered by. (I wrote about the hernia not the itch.) They sent a man down who said he would take it up with the Insur. Co. The Company sent me some blanks to fill out but by that time the itch was much worse and I couldn't dream of being operated on when every minute was taken up trying to ease this awful state I was in so I didn't fill blanks out.

"In the meantime I went back to Dr. Dolbee for my next treatment and he told me he had done all he could but I did not respond to the treatments, so he gave me a letter to take to a Dr. Hand of Saginaw. Dr. Eugene A. Hand (Specialist). Dr. Hand examined me and told me I had poison from Ammonia fumes and naphtha. Now I have been out of work since Oct. 25–50. I have been paying both doctors when I should have my insurance.

"Dr. Hand sent me a letter to take to the Creamery Co. and the manager there told me to send it to the Insurance Co. which I did. The Company has ignored both my letter and Dr. Hands and I wish you would look into it for me.

"Resp.
"W. A. Morley (signed)
Sterling Rt. 2"

It is the claim of plaintiff that there is an inference to be drawn from the above letters together with the statement taken December 5, 1950. Plaintiff makes no claim that he asked for compensation when he made a report of the injury to his employer. The inference, if any, must grow out of the above letters. The substance of the letter to plaintiff Morley under date of December 14, 1950, is that plaintiff is not entitled to compensation. It is also to be noted that the letter written by plaintiff under date of January 23, 1951, and addressed to the commission, contains the following, "Will you please look into this for me." and "I have been paying both doctors when I should have my insurance." The burden of proof is upon plaintiff to show that he made a claim for compensation within the statutory period. The letter from plaintiff to the commission is not notice to the employer, nor does such letter make any claim for compensation. From an examination of all letters contained in the record we are constrained to hold that plaintiff has failed to show that he made any claim for compensation upon his employer or

the insurance company within the statutory period. The award is vacated, with costs to defendants.

BOYLES, REID, and DETHMERS, JJ., concurred with SHARPE, J.

CARR, J., concurred in the result.

KELLY, J. (*dissenting*). I dissent from Justice SHARPE's opinion which states that the award of the workmen's compensation commission should be vacated because plaintiff has failed to show that he made any claim for compensation upon his employer or the insurance company within the statutory period.

The following facts are clearly established in the record:

1. That on October 25, 1950, plaintiff was employed by defendant Standish Creamery Company and left his employment to go to a doctor's office for a medical examination; that as a result of said examination he followed the instructions of the doctor and returned to his place of employment and informed the company manager that he had a double hernia.

2. That on October 30, 1950, the manager of the defendant company prepared and signed the basic report of compensable injury, and filed same with the workmen's compensation commission, in which report the manager stated: "On October 25, 1950 employee knew for sure that he had a double hernia. Last day worked, October 26, 1950. * * * Mr. Morley went to see Dr. M. K. Dolbee on October 25, 1950 and was informed he had a double hernia."

3. On December 5, 1950, defendant State accident fund, without being contacted in any way by plaintiff, sent an employee to the farm where plaintiff resided and questioned plaintiff in regard to his claimed injury and double hernia.

4. That on December 14, 1950, the State accident

fund, by its superintendent of claims, wrote a letter to the plaintiff, wherein it referred to the visit its investigator had made and concluded by stating that it did not "feel that the Michigan workmen's compensation law provides you any benefits for the hernia which you claim to have sustained while in the employ of the Standish Creamery Company."

"Notice to an employer of an injury to an employee may be oral or written and must be of such a nature as reasonably to inform employer that employee has sustained a compensable accident, since the purpose of the notice is to give employer an opportunity to examine into the alleged accident while the facts are accessible." *Henderson* v. *Consumers Power Co.* (syllabus), 301 Mich 564.

"Notice to foreman of accidental injury sustained by an employee constituted notice thereof to his employer." *Fidelity & Casualty Co.* v. *Vantaggi* (syllabus), 309 Mich 633.

"Letters from an employer and its insurer properly in the files of the department * * * were properly considered by the department in making an award." *Basner* v. *Defoe Shipbuilding Co.*, 319 Mich 67, 72.

The compensation commission may draw reasonable inferences from established facts. See *Nicholas* v. *St. Johns Table Co.*, 302 Mich 503.

The question of giving notice of injury under the workmen's compensation act is one of fact for the commission to determine and will be sustained if the inferences drawn are properly deductible from the testimony. *Amamotto* v. *J. Kozloff Fish Co.*, 317 Mich 641.

The record in the instant case establishes beyond doubt that the manager of the defendant company was informed by plaintiff that the doctor had examined him and had instructed him to report to the

company that he had a double hernia which precluded him from continuing with his work; that said manager not only accepted such report as a claim of compensable injury but set forth, under his signature, these facts to the commission.

The facts as set forth in the record leave but one inference, and that is that the defendant company reported all of this to the insuring defendant company causing it not only to make an investigation of plaintiff's claim, but also to report to plaintiff on his claim for compensable injury. All this occurred within 2 months from the date of claimed disablement and I agree with the commission's statement in its opinion that: "The only possible inference from those facts is that plaintiff made a demand for compensation within that period."

The award of the commission should be affirmed.

BUTZEL, C. J., and BUSHNELL, J., concurred with KELLY, J.